## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN MICHIGAN

SCOTT SCHUMACHER,

    Plaintiff,

v.

ASCENSION PROVIDENCE
ROCHESTER HOSPITAL,

    Defendant.

Case No.

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

### PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Scott Schumacher (hereinafter "Schumacher"), by and through his attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant states as follows:

1. Plaintiff, Scott Schumacher, is a resident of the City of Auburn Hills, County of Oakland and State of Michigan.

2. Defendant, Ascension Providence Rochester Hospital ("Ascension") is a non-profit Michigan corporation duly authorized to conduct business throughout the southeastern district of Michigan, whose resident agent is CSC-Lawyers Incorporating Service and whose resident address is 601 Abbott Road, East Lansing, Michigan 48823 and whose principal office address is located at 1101 W. University Dr., Rochester, Michigan 48307.

3. The events producing the original injury occurred in Oakland County, Michigan.

4. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

5. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting harassment, discrimination, adverse employment action and wrongful suspension which resulted in emotional and economic damages to the Plaintiff in violation of The Americans with Disabilities Act of 1990 ("ADA"), the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101, et seq. ("MPDCRA") and the Family and Medical Leave Act ("FMLA").

6. The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. Plaintiff, Scott Schumacher began his employment with Defendant, Ascension in 2006 as a Mental Health Technician.

9. Plaintiff was diagnosed with Attention Deficit Disorder in the 1990's which substantially interferes with major life activities and is a disability under the ADA.

10. In 2015 Plaintiff advised Defendant that he was disabled and suffered from ADD and that a nurse named Eleanor ("Nurse Eleanor") was making fun of him and his disability and harassing him and her harassment was aggravating his symptoms.

11. In addition to suffering from ADD Plaintiff also suffered from stress and anxiety.

12. In 2017 Plaintiff was approved for intermittent FMLA leave due to his stress and anxiety.

13. Throughout Plaintiff's employment, Defendant had been inconsistent and sloppy about Plaintiff's use of FMLA time and the amount of time he had left for FMLA leave.

14. At all times relevant Plaintiff had not exhausted his FMLA leave nor had he been advised by Defendant that he had exhausted FMLA leave prior to being disciplined for allegedly using FMLA leave that had been previously exhausted.

15. On or about October 2, 2017 Plaintiff received a written Corrective Action for allegedly being "in violation of the time and attendance policy" despite being approved for FMLA.

16. On the Corrective Action Form Defendant admits that Plaintiff was approved for FMLA leave, but that the absences were not attributed to his FMLA leave and that FMLA was not "added to his bank" seemingly suggesting that the October 2, 2017 Corrective Action would be removed from his file if he were to be subsequently approved for FMLA leave.

17. Defendant additionally stated that if "the absences are changed to FMLA, this action will be correct to reflect accurate standing."

18. On March 27, 2018 Plaintiff received another Corrective Action for allegedly being a "no-call, no-show" on March 11, 2018 and for using FMLA leave on March 12, 2018 which had previously been exhausted.

19. At no time did Defendant produce any documentary evidence showing that he had exhausted his FMLA leave.

20. The March 27, 2018 Corrective Action Form indicates that Plaintiff's write up on 10/2/18 was stricken as he verified, he was on FMLA at the time of the Corrective Action.

21. Plaintiff discussed the disciplinary action with his supervisor, Angie who showed him the documents approving his FMLA for one year and advised him that he was approved and that HR made a mistake.

22. Whenever Plaintiff used FMLA leave his supervisor Angela Bickel-McKelvey would harass him and pressure him by telling him that his co-workers were resentful he received FMLA leave.

23. In April 2018 Plaintiff was suspended for use of FMLA leave on March 12, 2018.

24. In June, 2018 Plaintiff filed a Grievance complaining that Defendant and Ms. Bickel-McKelvey had violated the FMLA with regard to his use of FMLA leave.

25. Prior to filing the Grievance, Plaintiff had been employed by Defendant for more than 11 years and had always had very strong Performance Reviews, but after Plaintiff filed the complaint against Ms. Bickel-McKelvey, she gave him a poor performance review in 2018 and gave him several unjustified write ups in retaliation for his complaints.

26. As a result of suffering from ADD, Nurse Eleanor would make comments and tease Plaintiff due to his disability by calling him "Rainman" after the disabled Dustin Huffman character suffering from autism in the movie "Rainman."

27. Plaintiff complained about the hostile working environment that Nurse Eleanor was creating due to his disability and requested that he be moved to another shift to get away from Nurse Eleanor.

28. Defendant moved Plaintiff to a different shift for a period of refused to take any remedial measures.

29. In August 2018 Plaintiff was diagnosed with Osteoarthritis which was a serious medical condition which substantially interfered with his ability to walk and stand and was a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq* and the ADA.

30. Plaintiff requested reasonable accommodations of not being required to stand on his feet for 12 straight hours under the ADA.

31. Plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

32. On or about August 25, 2018, Defendant refused to accommodate Plaintiff in violation of the ADA.

33. As a result of Defendant's refusal to accommodate Plaintiff pursuant to the ADA Plaintiff was forced to go on Disability despite being able to perform the essential functions of his job with a reasonable accommodation.

34. During the time period in question, Defendant, Ascension was Plaintiff's employer and Plaintiff was its employee within the meaning of the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq*, the FMLA and the ADA.

35. Defendant' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

36. On December 2, 2019 the EEOC issued a Right to Sue letter allowing Plaintiff to pursue his claims under the ADA.

## COUNT I
## VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ*.

37. Plaintiff incorporates by reference Paragraphs 1 through 36 above as though more fully set forth herein.

38. Plaintiff suffers from symptoms which qualifies as a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* ("PWDCRA").

39. Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from

discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disability.

40. Plaintiff's disability was a factor in Defendants employment decisions, including, but not limited to refusing to accommodate him.

41. Defendant is an employer within the meaning of the PWDCRA and Plaintiff has been subjected to repeated and continuous discriminatory treatment based upon his disability by Defendant, its employees and agents to the point where his status as an employee has been detrimentally affected and he was refused to be reasonably accommodated by Defendant.

42. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

43. Defendant and its agents, employees and representatives, violated the ADA by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by refusing to accommodate Plaintiff;

   b. Failing to refrain from creating a hostile work environment based on Plaintiff's disability;

   c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards him was unlawful; and

   d. Preventing Plaintiff from having full and fair opportunities to advance in his employment based upon his disability.

8

44. Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

45. As a direct and proximate result of Defendants harassment and discrimination of Plaintiff solely on the basis that he had a disability or was perceived by Defendant to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

    a. Economic damages;

    b. Mental anguish;

    c. Fright;

    d. Shock;

    e. Embarrassment;

    f. Outrage;

    g. Anxiety;

    h. Emotional distress;

    i. Loss of self-esteem; and

    j. Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATION OF THE FMLA

46. Plaintiff incorporates by reference paragraphs 1 through 45 of the Complaint as though fully set forth herein.

47. Ascension was Plaintiff's "employer" within the meaning of the FMLA.

48. Plaintiff requested and was approved for intermittent medical leaves which were protected under FMLA and which were approved by the Employer.

49. Defendant violated the FMLA by harassing, discriminating against, and/or retaliating, against Plaintiff in significant part because he exercised rights under the FMLA, by suspending Plaintiff.

50. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT III
## DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 2614(a)(1)

51. Plaintiff incorporates by reference paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52. Ascension was Plaintiff's "employer" within the meaning of the 29 U.S.C. § 2614(a)(1).

53. "Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions", including suspension.

54. Plaintiff engaged in activity protected by the FMLA when he requested and was approved for FMLA leave.

55. The FMLA leaves were approved by Defendant.

56. Defendant took adverse action against Plaintiff by suspending him after he returned from FMLA leave.

57. As a result of Plaintiff asserting his right to a FMLA leave, he was subjected to adverse employment action including suspension.

58. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to the following:

    a. Loss of income;

    b. Loss of fringe benefits;

    c. Emotional pain and suffering;

    d. Severe mental anguish and distress;

    e. Embarrassment and humiliation;

    f. Fright, shock, and mortification;

      g.    Loss of earnings and other employment benefits; and

      h.    Costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary/treble damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT IV
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

59. Plaintiff incorporates by reference paragraphs 1 through 58 of the Complaint as though fully set forth herein.

60. At all times relevant Plaintiff suffered from Osteoarthritis which was a serious medical condition which substantially interfered with his ability to walk and stand which are regarded as major life activities and was a disability under The Americans with Disabilities Act of 1990 ("ADA").

61. Defendant perceived and regarded Plaintiff as being a person with a disability because, among other things, Plaintiff suffered from a recurring condition which caused his neck to be swollen and painful and caused vomiting and nausea.

62. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disability.

63. Plaintiff's disability was a factor in Defendant's employment decisions, including, suspension.

64. Defendant is an employer within the meaning of the ADA.

65. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon his perceived or regarded disability, and request for an accommodation, by Defendant, its employees and agents to the point where his status as an employee has been detrimentally affected and he was terminated by Defendant.

66. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

67. Defendant and its agents, employees and representatives, by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for his disability; and

    b. Violating the laws against discrimination by suspending Plaintiff based exclusively upon his disability.

68. Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding

    supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over disabled employees;

c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace;

d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees; and

e. Suspending and terminating Plaintiff based upon his disability.

69. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

70. Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT IV
## RETALIATION

71. Plaintiff incorporates by reference paragraphs 1 through 70 of the Complaint as though fully set forth herein.

72. Pursuant to ADA, FMLA and the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*,

73. Plaintiff is guaranteed the right to be free from discrimination from his employer and/or supervisors based upon his serious medical condition and disability.

74. Plaintiff's serious medical condition and disability were factors in Defendants' employment decisions.

75. Defendant was Plaintiff's employer within the meaning of ADA, FMLA and the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq*.

76. During the course of his employment with Defendant, Plaintiff was discriminated against and harassed due to his serious medical condition and disability creating a hostile work environment by Defendant.

77. The harassment and discrimination created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive

employment environment.

78. Plaintiff complained to upper management of Defendant, that he was being discriminated against due to serious medical condition and disability and that he was being subjected to a hostile work environment.

79. Defendant had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

80. Despite having notice of the harassment and discrimination in violation of ADA, FMLA and the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, and conduct toward Plaintiff, Defendant failed to take any remedial action, but instead took adverse employment action against Plaintiff based upon her gender and in retaliation for her complaints of sexual harassment and gender discrimination.

81. The harassment and discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate ADA, FMLA and the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq*.

82. As a proximate result of Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

                Respectfully submitted,

                **BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-telephone
    (248) 540-6814-fax
    sbatey@bateylaw.com

Dated: February 26, 2020

## **DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Scott Schumacher, by and through his attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

        Respectfully submitted,

        **BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-telephone
    (248) 540-6814-fax
    sbatey@bateylaw.com

Dated: February 26, 2020